**PARADISE MUTUAL INSURANCE CO.**

v.

**Adam ABEL.**

**Civ. A. No. 86–6239.**

United States District Court,
E.D. Pennsylvania.

Oct. 18, 1991.

Joseph H. Riches, John D. Brinkman and Eric A. Fisher, Cozen & O'Connor, Philadelphia, Pa., for plaintiff.

Michael S. Bomstein, Pinnola & Bomstein, Philadelphia, Pa., and Jay Irwin Block, Owings Mills, Md., for defendant.

## MEMORANDUM

KATZ, District Judge.

The parties have submitted this matter to the court on the following Statement of the Case:

Paradise Mutual Insurance Company, pursuant to homeowners policy no. H0118881, insured Michael Ellis and his residence premises located at 1102 Pembroke Avenue, East Lansdowne, Pennsylvania. The applicable policy period was May 30, 1984 through May 30, 1985.

On May 26, 1985, while Michael Ellis and defendant, Adam Abel were in the home, an explosion and fire occurred which caused personal injury to Adam Abel, for which he has made claim against Michael Ellis, having commenced a lawsuit in the United States District Court for the Eastern District of Pennsylvania, Civil Action No. 87–3100. It should be noted that Mr. Ellis was likewise injured as a result of the fire and explosion, and was hospitalized for approximately thirty days. See, Transcript of Deposition of Michael Ellis, taken June 11, 1991 at Pages 26–27. Mr. Ellis and Mr. Abel were the only two individuals in the house at the time of the fire.

On June 11, 1985, while still hospitalized, Mr. Ellis was charged with arson and related offenses. He was ultimately convicted of arson in November of 1985. He testified on his own behalf at the trial, claiming that he entered his home, was unaware that there were any flammable liquids poured throughout the house, and that the explosion and fire occurred when he turned on a stereo, which he claims is the first thing he did upon entering the home. He testified that Adam Abel had just entered the home prior to the explosion, as well. See, generally, Transcript of the Trial Testimony of Michael Ellis. Having been convicted of arson, it is obvious that the jury at the criminal trial in November of 1985 refused to believe the testimony of Michael Ellis.

In anticipation of Mr. Abel's lawsuit against Mr. Ellis for personal injuries, and as part of this action, Paradise Mutual Insurance Company attempted to take the deposition of Michael Ellis on March 23, 1987. At that time, Mr. Ellis refused to answer any specific questions regarding the manner in which the fire and explosion occurred at his residence at 1102 Pembroke Avenue, East Lansdowne, Pennsylvania. In refusing to answer, Mr. Ellis asserted his Fifth Amendment Right against self-incrimination. Although he was convicted of arson at that time, the appeal of that conviction was still pending before the Pennsylvania Superior Court.

By Order dated November 10, 1988, the Pennsylvania Superior Court affirmed the judgment of the Delaware County Court. Early in 1990, the Pennsylvania Supreme Court denied Mr. Ellis' Petition for Allocatur, and in essence the Appeal process was ended. Thereafter, an attempt was made to depose Mr. Ellis on June 1, 1990. At that time, however, he refused to testify, fearing possible exposure to a perjury conviction in the event his deposition testimony differed from the testimony that he gave at the time of the trial on the arson charge.

In January of 1991, another effort was made to depose Mr. Ellis. At that time, he refused to answer any questions because he did not have counsel. That refusal to testify was followed by a Motion to Compel his testimony, filed by counsel representing Mr. Abel. This court ultimately issued its Order compelling Mr. Ellis to testify re-

garding the facts and circumstances of the fire, or to face possible sanctions should he fail to do so.

As a result, Mr. Ellis was deposed on June 11, 1991, and he did answer questions regarding the circumstances of the fire. Surprisingly, however, Mr. Ellis continued to maintain his innocence and, with minor variations of no relevance herein, testified consistently with the testimony he gave in November of 1985, at his criminal trial, which resulted in his conviction for arson and related charges. In so testifying, Mr. Ellis continues to maintain that he and Adam Abel were not involved in causing the fire to occur.

The policy of insurance contains various conditions related to Section II, relative to an insured's duty to cooperate when seeking coverage under the liability sections of the policy. Pursuant to the conditions applicable to Section II of the policy of insurance, and in particular, condition No. 3, it was, and is, the duty of Mr. Ellis to assist in the conduct of lawsuits, to attend hearings, and also to secure and give evidence necessary to aid in his defense.

With respect to the Declaratory Judgment action presented to the court as a case stated, it is the contention of Adam Abel that Mr. Ellis has unequivocally refused to implicate him. See Transcript of Ellis deposition of June 11, 1991, at pages 35–36. Paradise has no evidence from any source that Adam Abel was in any respects involved in arson. Moreover, contrary to the assertion by Paradise, there is no reason to believe that Ellis' refusal to blame Abel is self-serving. Ellis has nothing to gain in denying Abel's involvement. Abel contends further that, even if Ellis decided finally to admit the truth of his own criminal conduct, there is no reason to believe Ellis would implicate him. Therefore, in Abel's view, Paradise's ability to defend the case has not been substantially harmed by Ellis' testimony and the company must defend and indemnify Mr. Ellis.

It is the contention of Paradise Mutual Insurance Company, with respect to the presentation of this matter as a case stat-

ed, that in stating a version of facts and circumstances surrounding the fire, which has judicially been determined as false, Mr. Ellis has materially breached his duty to cooperate with Paradise Mutual Insurance Company, particularly with respect to his duty to give evidence to assist in his defense. Adam Abel and Michael Ellis were the only two individuals in the home at the time the fire started. Michael Ellis is the only individual who can provide any evidence which supports, or refutes, the contention of Mr. Abel that he was not involved in starting the fire at issue. Mr. Ellis, for whatever reasons, refuses to admit his involvement in starting the fire, despite his conviction. In short, and contrary to Adam Abel, it is the contention of Paradise Mutual Insurance Company that the failure on the part of Mr. Ellis to involve Adam Abel in starting the fire is merely self-serving, and not insistence that Mr. Abel was not involved in creating the incendiary blaze which caused injury to both Mr. Abel and Mr. Ellis.

I find as follows: [1]

■ 1. Mr. Ellis has not materially breached his duty to cooperate nor substantially prejudiced defense of the claims. The insurance company understandably finds difficult his denial of implication in the fire for which he was convicted of arson. I placed this matter in civil suspense until the appeals in the criminal case were concluded, following which Mr. Ellis continued to maintain his innocence, as he did at the criminal trial. It is the underlying facts which pose difficulty for the insurance company's defense of the case, not lack of cooperation by the insured.

■ 2. Plaintiff has not met its burden of proving that Mr. Ellis has "intentionally concealed or misrepresented any material fact or circumstance relating to this insurance." The insurance company made a business judgment to assume the underwriting risks on Mr. Ellis. He has not lied about matters relating to the underwriting risks. Nor has he lied about material facts

---

1. Counsel agreed at the hearing of this case that there is no dispositive Pennsylvania authority.

or circumstances *relating to this insurance.*

 3. I do not find plaintiff has met its burden of proving that injury to Abel, the claimant in the underlying case, was expected or intended by Mr. Ellis. On the record before me, I cannot say that Mr. Ellis intended to hurt Abel by the fire or that he was substantially certain that Abel would be burned. The conviction in the arson case is not collateral estoppel of this narrower issue. Nor do I infer from Ellis' depositions that Ellis expected or intended the injury to Abel.

I will not be the first judge to hold Pennsylvania law allows insurance companies to deny liability coverage if, absent proof, they believe that their insureds have not testified truthfully about the facts of the underlying case. Such a rule would encourage satellite litigation after adverse jury verdicts and defeat the business purposes of liability insurance. Moreover, the insurance company's problem in this case comes from the truth of Ellis' arson, not his denial.[2]

---

**2.** Since neither side has raised plaintiff's failure to sue its insured in this case, I need not, in view of its outcome.